ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                                              :
UNITED STATES OF AMERICA                          **SEALED INDICTMENT**
                                              :
                    - v. -                        15 Cr.
                                              :
JEROEN VAN DEN ELSHOUT,
                                              :
                    Defendant.
                                              :    **15 CRIM  810**
- - - - - - - - - - - - - - - - - - - - - - - - -

## **BACKGROUND**

### *Fuerzas Armadas*
### *Revolucionarias de Colombia*

1.      From its founding in or about 1964 to the present, the Fuerzas Armadas Revolucionarias de Colombia (the "FARC") has been dedicated to the violent overthrow of the Government of Colombia. To fund its activities, the FARC actively engages in narcotics trafficking and has evolved into the world's largest supplier of cocaine. The FARC is styled as a military group and is comprised of thousands of armed guerillas. To further its activities, the FARC obtains automatic rifles, ammunition, machine guns, explosives, and surface-to-air missiles from various other entities. Over the years, the FARC has targeted United States persons and United States property interests. For example, the FARC leadership has ordered FARC members to kidnap and murder United States citizens.

2.      In October 1997, the United States Secretary of State designated the FARC as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act. The FARC remains so designated.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/23/15

## COUNT ONE

## NARCOTERRORISM CONSPIRACY

The Grand Jury charges:

3.     From at least in or about April 2015, up to and including in or about

September 2015, in an offense begun and committed outside of the jurisdiction of any particular

State or district of the United States, JEROEN VAN DEN ELSHOUT, the defendant,

intentionally and knowingly did combine, conspire, confederate and agree with others known

and unknown to violate Title 21, United States Code, Section 960a, and  engage in conduct that

would be punishable under Title 21, United States Code, Section 841(a) if committed within the

jurisdiction of the United States, to wit, the distribution, and possession with the intent to

distribute, of five kilograms and more of mixtures and substances containing a detectable amount

of cocaine, knowing and intending to provide, directly and indirectly, something of pecuniary

value to a person and organization that has engaged and engages in terrorist activity and

terrorism, to wit, the FARC and its members, operatives and associates, having knowledge that

said persons and organization have engaged in and engage in terrorism and terrorist activity.

### Overt Acts

4.     In furtherance of the conspiracy, and to effect the illegal object thereof, the

following overt acts, among others, were committed:

a.     On or about July 1, 2015, JEROEN VAN DEN ELSHOUT, the

defendant, met with a U.S. Drug Enforcement Administration ("DEA") confidential source

("CS-1") at a restaurant in the Netherlands to discuss future narcotics trafficking.

2

b. On or about August 27, 2015, ELSHOUT and a coconspirator not named as a defendant herein met with CS-1 in a restaurant in Spain and discussed logistical details of ELSHOUT's transportation and distribution of cocaine that ELSHOUT had been informed would be supplied by the FARC.

c. On or about September 9, 2015, ELSHOUT met with a second DEA confidential source ("CS-2") in the Netherlands and provided CS-2 with 3,500 Euros as partial payment toward the transportation of a sample shipment of fifty kilograms of cocaine.

(Title 21, United States Code, Section 960a; Title 18, United States Code, Section 3238.)

## COUNT TWO

### NARCOTERRORISM ATTEMPT

The Grand Jury further charges:

5. From at least in or about April 2015, up to and including in or about September 2015, in an offense begun and committed outside of the jurisdiction of any particular State or district of the United States, JEROEN VAN DEN ELSHOUT, the defendant, intentionally and knowingly did attempt to violate Title 21, United States Code, Section 960a, and engage in conduct that would be punishable under Title 21, United States Code, Section 841(a) if committed within the jurisdiction of the United States, to wit, the distribution, and possession with the intent to distribute, of five kilograms and more of mixtures and substances containing a detectable amount of cocaine, knowing and intending to provide, directly and indirectly, something of pecuniary value to a person and organization that has engaged and engages in terrorist activity and terrorism, to wit, the FARC and its members, operatives and

3

associates, having knowledge that said persons and organization have engaged in and engage in terrorism and terrorist activity.

(Title 21, United States Code, Section 960a; Title 18, United States Code, Section 3238.)

## COUNT THREE

## CONSPIRACY AND ATTEMPT TO PROVIDE MATERIAL SUPPORT OR RESOURCES TO A FOREIGN TERRORIST ORGANIZATION

The Grand Jury further charges:

6.     The allegations set forth in Paragraphs One, Two, and Four above are incorporated by reference as if set forth fully herein.

7.     From at least in or about April 2015, up to and including in or about September 2015, in an offense begun and committed outside of the jurisdiction of any particular State or district of the United States, JEROEN VAN DEN ELSHOUT, the defendant, who will be first brought to and arrested in the Southern District of New York, did attempt to provide, and did, together with others, known and unknown, combine, conspire, confederate and agree together and with each other to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b)(1), to a foreign terrorist organization, to wit, the FARC, which was designated by the United States Secretary of State as a foreign terrorist organization in October 1997, pursuant to Section 219 of the Immigration and Nationality Act, was redesignated as such on October 2, 2003, and October 11, 2005, and is currently designated as such, as of the date of this Indictment's filing.

8. It was a part and an object of the conspiracy that JEROEN VAN DEN ELSHOUT, the defendant, and others known and unknown, would and did provide the FARC with "material support or resources," as that term is defined in Title 18, United States Code,

4

Section 2339A(b)(1), to wit money, transportation, and narcotics distribution routes, knowing that the FARC had engaged and was engaging in terrorist activity (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act), and that the FARC had engaged and was engaging in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), in violation of Title 18, United States Code, Section 2339B(a)(1).

## Overt Acts

9.      In furtherance of the conspiracy and to effect the illegal object thereof, JEROEN VAN DEN ELSHOUT, the defendant, and others known and unknown, committed the overt acts set forth in Paragraph Four of this Indictment, which are fully incorporated by · reference herein.

(Title 18, United States Code,
Sections 2339B(a)(1), (d)(1)(C), (d)(1)(D), (d)(1)(E), and 3238)

## FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

10.     As a result of committing the controlled substance offenses alleged in Counts One and Two of this Indictment, JEROEN VAN DEN ELSHOUT, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting or derived from any proceeds that the defendant obtained directly or indirectly as a result of the offenses and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses alleged in Counts One and Two of this Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses described in Counts One and Two.

5

## FORFEITURE ALLEGATION AS TO COUNT THREE

11.    The allegations contained in Count Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(G), and Title 28, United States Code, Section 2461(c).

12.    The violation of Title 18, United States Code, Section 2339B alleged in Count Three of this Indictment is a Federal crime of terrorism, as defined in 18 U.S.C. § 2332b(g)(5), against the United States, citizens and residents of the United States, and their property.

13.    JEROEN VAN DEN ELSHOUT, the defendant, was an individual individuals engaged in planning and perpetrating a Federal crime of terrorism against the United States, citizens and residents of the United States, and their property.

14.    Upon conviction of the offense in violation of Title 18, United States Code, Section 2339B alleged in Count Three of this Indictment, JEROEN VAN DEN ELSHOUT, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G)(i), and Title 28, United States Code, Section 2461(c), all right, title, and interest in all assets, foreign and domestic.

6

15.  Upon conviction of the offense in violation of Title 18, United States Code, Section 2339B alleged in Count Three of this Indictment, JEROEN VAN DEN ELSHOUT, the defendant, shall pay to the United States, pursuant to pursuant to Fed. R. Crim. P. 32.2(b)(1), a money judgment equal to the value of the assets subject to forfeiture under Paragraphs 11 through 14 above.

(Title 18, United States Code, Section 981(a)(1)(G);
Title 28, United States Code, Section 2461(c).)

**Substitute Assets Provision**

16.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third person;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982, 1956, and 2; Title 21, United States Code, Sections 853 and 970.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

**JEROEN VAN DEN ELSHOUT,**

**Defendant.**

## SEALED INDICTMENT

15 Cr.

(21 U.S.C. § 960a; 18 U.S.C. § 2339B.)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.

11/23/15. *Filed Sealed Indictment*
*ce  &/W issued*